# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERTO MORALES,**

    **Plaintiff,**

**v.**                                                                          Case No: 6:18-cv-1652-Orl-31TBS

**BIMBO FOODS BAKERIES**
**DISTRIBUTION, LLC,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss the Amended Complaint (Doc. 21) filed by the Defendant, Bimbo Foods Bakeries Distribution, LLC (henceforth, "Bimbo Foods"), and the response in opposition (Doc. 22) filed by the Plaintiff, Roberto Morales ("Morales").

    **I.**    **Background**

According to the allegations of the Amended Complaint (Doc. 20), which are accepted in pertinent part as true for purposes of resolving the instant motion, Morales owns and operates a bread delivery route pursuant to a distribution agreement (the "Agreement") with Bimbo Foods. (Doc. 20 at 2). The Agreement provides that Morales has the sole right to sell and distribute bakery products within a defined "Sales Area." (Doc. 20 at 2). In February 2013, a new Walmart store – known as "Walmart #5781" – opened within Morales' Sales Area. (Doc. 20 at 5). However, Walmart #5781 was not assigned to Morales by Bimbo Foods. (Doc. 20 at 5). Instead, Bimbo Foods told him the new store was outside of his Sales Area and assigned it to a different distributor. (Doc. 20 at 6). In September of 2014, Bimbo Foods pressured Morales into

signing a new "Schedule A" to the Agreement, titled "Schedule A-2," which altered the boundaries of his Sales Area and excluded Walmart #5781 from it. (Doc. 20 at 6-7). The next month, Bimbo Foods pressured Morales into signing an amendment (the "Amendment"), which altered the Agreement to incorporate Schedule A-2. (Doc. 20 at 8). Morales did not receive any consideration for signing either Schedule A-2 or the Amendment. (Doc. 20 at 9).

On September 12, 2018, Morales filed a seven-count complaint (Doc. 2) against Bimbo Foods in state court. Bimbo Foods removed the case to this court on October 3, 2018. (Doc. 1). On January 29, 2019, the Court granted in part Bimbo Foods' motion to dismiss; only Morales' claim for rescission survived. (Doc. 17). His claim for breach of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* ("FDUTPA"), was dismissed without prejudice. Morales reasserted the FDUTPA claim in the Amended Complaint, along with his rescission claim. By way of the instant motion, Bimbo Foods seeks dismissal of both of these claims.

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

    **A. Count I – Rescission**

In his first count, Morales seeks rescission of Schedule A-2, which excluded Walmart #5781 from his Sales Area, and the Amendment, which incorporated Schedule A-2 into the Agreement. (Doc. 20 at 12). Bimbo Foods contends that Morales bases the rescission claim, "in large part, on allegations of fraud." (Doc. 21 at 2). The Agreement, which is attached to the Amended Complaint, provides that it is to be governed by Pennsylvania law. (Doc. 20-1 at 17). Under Pennsylvania law, actions "sounding in … fraud" are subject to a two-year statute of limitations. 42 Pa. Con. Stat. § 5524(7). *See also United. National Ins. Co. v. J.H. France*

*Refractories Co.*, 417 Pa. Super. 614, 626-27, 612 A.2d 1371, 1377 (1992) (holding that two-year limitations period applied to insurer's action to rescind policy based on fraud); *rev'd on other grounds*, 668 A.2d 120 (1995).

It is true that Morales alleges that he was the victim of fraud in connection with this count. For example, he alleges that his sales manager "fraudulently misrepresented" to him that he had to sign the new Schedule A-2. (Doc. 20 at 7). However, as the Court pointed out in the order on the previous motion to dismiss, Morales also alleged that he received no consideration for signing Schedule A-2 and the Amendment and asserted this absence of consideration as a basis for his rescission claim. In the Amended Complaint, Morales continues to make these same arguments. (Doc. 20 at 7). Lack of consideration is a basis for rescission under Pennsylvania law. *Umbelina v. Adams*, 2011 Pa. Super. 257, 34 A..3d 151, 158-59 (2011). Bimbo Foods does not argue that a rescission claim based on lack of consideration would be barred by the statute of limitations. Accordingly, even though Morales is precluded from asserting fraud as the basis for the rescission he seeks, this count survives insofar as it is based on a lack of consideration.

In addition to rescission, Morales also seeks to recover "all of the lost income that he would have earned if [Bimbo Foods] had not violated the Agreement." (Doc. 20 at 13.) A party seeking the equitable remedy of rescission cannot also seek to recover damages. *See, e.g.*, *Umbelina*, 34 A.3d at 157. Accordingly, Morales' request to recover damages in Count I will be stricken.

### B. Count II – FDUTPA

In Count II of the Amended Complaint, Morales seeks to recover damages under FDUTPA. An FDUTPA claim for damages has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Caribbean Cruise Line, Inc. v. Better Bus.*

*Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 166-67 (Fla. 4th DCA 2015). For purposes of FDUTPA, "actual damages" must be direct damages, not consequential damages in the form of lost profits. *HRCC, Ltd. v. Hard Rock Café Int'l (USA), Inc.*, 302 F.Supp.3d 1319, 1323 (M.D. Fla. 2016) (citing *Hetrick v. Ideal Image Corp.*, 372 Fed.Appx. 985, 991 (11th Cir. 2010)). The FDUTPA claim in the original Complaint was dismissed because Morales was seeking consequential damages rather than actual damages. (Doc. 18 at 7). Specifically, Morales had sought to recover the additional profits he would have earned under the Agreement if he had been assigned the new Walmart and the additional resale value of his Sales Area included that store. (Doc. 2 at 19).

In the Amended Complaint, Morales again seeks to recover these same items – *i.e.*, the additional profits and additional resale value – but he refers to them as "actual damages".[1] But relabeling these items is not enough to bring his claim within the statute. Under Florida law, damages measured by lost profits are consequential damages. *Nyquist v. Randall*, 819 F.2d 1014, 1017 (11th Cir. 1987). The Court sees no way that Morales can state an FDUTPA claim, and therefore Count II will be dismissed with prejudice.

---

[1] For example, he alleges that Bimbo Foods' decision not to award him Walmart #5781 caused him to "suffer[] actual damages in the form of loss of income that he would have earned". (Doc. 20 at 15).

- 5 -

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss the Amended Complaint (Doc. 21) is **GRANTED IN PART AND DENIED IN PART.** The rescission claim in Count I is dismissed insofar as it is based on allegations of fraud but survives insofar as it is based on a lack of consideration. In addition, the damages demand in Count I is **STRICKEN**. Count II is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 10, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE